IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DWIGHT A. BARTUNEK, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3167 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| KAREN LEGGETT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 24, the Motion to Dismiss filed by the defendant, Karen Leggett. The plaintiff, Dwight A. Bartunek, is a State prisoner presently located at the Department of Correctional Services Diagnostic and Evaluation Center ("D & E"). The plaintiff asserts a claim of negligence against Karen Leggett, who, as the wife of Sheriff Leggett, helps out at the Hitchcock County Jail where the plaintiff was housed before his transfer to the D & E. Accepting the allegations of the complaint as true, Ms. Leggett mistakenly conveyed inaccurate medical information about the plaintiff's vital signs and oxygen equipment to the staff at the D & E, with the result that the plaintiff passed out and sustained injury shortly after his arrival at the D & E.

After receiving a series of extensions of time to effect service of process, the plaintiff has been unable to accomplish service on the defendant in this case. The plaintiff has not requested another extension, and eighteen months have passed since the plaintiff filed his complaint. In addition, even if yet another attempt at service of process were to be allowed, the facts, as described by the plaintiff, simply do not amount to a violation of the Constitution or laws of the United States. Thus, as the defendant points out (filing no. 21), the complaint fails to state a claim on which relief may be granted.

The Eighth Amendment to the United States Constitution requires prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994).  A prisoner's Eighth Amendment rights are violated if prison officials show "deliberate indifference" to the prisoner's "serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 104-07 (1976). However, deliberate indifference describes a mental state more blameworthy than negligence.  "[D]eliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." Olson v. Bloomberg, 339 F.3d 730, 736 (8th Cir. 2003). See also Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003):  "Deliberate indifference is 'a state of mind that is the equivalent of criminal recklessness.'" (Citation omitted.)

The plaintiff alleges claims of negligence arising under Nebraska law.  As it is possible that his claims could be asserted in a state court, the plaintiff's claims under state law against the defendant will be dismissed without prejudice.

THEREFORE, IT IS ORDERED:

1.    That filing no. 24, the defendant's Motion to Dismiss, is granted to the extent set forth above; and

2.    That a separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 18th day of July, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge